IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARVIN RASHAAD CUMMINGS,

                      Plaintiff,

  v.

MATTHEW MARSKE and OFFICER PAGAN,

                      Defendants.

OPINION and ORDER

20-cv-991-jdp

---

      Pro se plaintiff and federal prisoner Marvin Rashaad Cummings contends that that staff at the Federal Correctional Institution in Oxford, Wisconsin failed to take reasonable steps to prevent him from contracting Covid-19. Defendants Matthew Marske and Officer Pagan have filed a motion for summary judgment on the ground that Cummings failed to exhaust his administrative remedies before filing this lawsuit. Dkt. 16. Defendants have established that Cummings did not exhaust his administrative remedies, so the motion will be granted.[1]

      Also before the court is a motion that Cummings filed, in which he states that prison staff is interfering with his personal mail in retaliation for his filing this lawsuit. Dkt. 14. But Cummings cannot add a claim about retaliation or mail interference to this case. If Cummings wants to sue prison staff for interference with his mail, he must first present his grievance to prison authorities by exhausting all available administrative remedies. If Cummings is still dissatisfied after exhausting his administrative remedies, and he thinks that prison staff has violated his rights under federal or state law, he may file a new lawsuit.

---

[1] Defendants raise an alternative argument that Cummings' complaint should be dismissed for failure to state a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Because I conclude that Cummings's complaint must be dismissed on exhaustion grounds, I do not address defendants' *Bivens* argument.

ANALYSIS

A plaintiff who is confined in prison and who is challenging prison conditions must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). This means that the prisoner must take all steps within the administrative process, including filing an initial grievance and necessary appeals. *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

To exhaust administrative remedies at the Federal Correctional Institution in Oxford, Wisconsin, where Cummings is housed, inmates must follow the inmate complaint review process set forth in 28 C.F.R. §§ 542.10–19. First, an inmate must file an informal remedy request with the appropriate institution staff member. If the inmate is not satisfied with the response to his informal request, he must submit his complaint to the warden. *Id.* § 542.14. The deadline for completion of these two steps is 20 days following the date on which the basis for the request occurred. *Id.* § 542.14(a). The regulations permit additional appeals if the inmate is dissatisfied with the warden's response. *Id.* § 542.15.

Defendants have submitted evidence showing that Cummings has not filed any administrative remedy requests with the warden, or any other staff member, related to defendants' alleged failure to protect Cummings from contracting Covid-19. In his response brief, Cummings concedes that he did not exhaust his administrative remedies before filing this lawsuit. But Cummings argues that exhaustion would have been futile because Warden Marske would not have released him from prison or awarded him any damages. Cummings's argument

fails, because prisoners must exhaust even if they believe the process will be futile, or that it cannot provide the desired relief. *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001), *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008). There was a process available for Cummings to exhaust, and he did not follow it. Therefore, I must dismiss his complaint. Dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is without prejudice). But Cummings should know that he likely will not be able to exhaust his claims against defendants because any grievances he filed about the subject of this lawsuit would be untimely.

ORDER

IT IS ORDERED that:

1. The motion for summary judgment filed by defendants Officer Pagan and Matthew Marske, Dkt. 16, is GRANTED.

2. This case is DISMISSED WITHOUT PREJUDICE for plaintiff Marvin Rashaad Cummings's failure to exhaust his administrative remedies before filing suit.

3. Plaintiff's motion regarding retaliation, Dkt. 14, is DENIED.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered March 16, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge